**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000574
15-DEC-2025
07:45 AM
Dkt. 79 SO**

NO. CAAP-23-0000574


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TREVOR K. TSUGAWA, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT,
HONOLULU DIVISION
(CASE NO. 1DAA-23-00005)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

This appeal concerns the Administrative Driver's License Revocation Office's (**ADLRO**) denial of a subpoena for disciplinary records of the officer who conducted the Operating a Vehicle under the Influence of an Intoxicant (**OVUII**) traffic stop in this case, where the defense contended the records were relevant to credibility. We vacate and remand.

Petitioner-Appellant Trevor K. Tsugawa's (**Tsugawa**) driver's license was administratively revoked after his OVUII arrest.  He appeals from the September 13, 2023 Decision and Order, and the September 15, 2023 "Judgment on Appeal" (**Judgment**) filed and entered by the District Court of the First Circuit (**District Court**)[1] in favor of the Respondent-Appellee Administrative Director of the Courts (**Director**), which affirmed the Director's March 28, 2023 decision to revoke Tsugawa's driver's license for two years (**ADLRO Decision**).

Tsugawa raises a single point of error on appeal, contending that the District Court erred in holding that the ADLRO "did not erroneously interpret the law, act in an arbitrary or capricious manner or commit an abuse of discretion" when the ADLRO denied Tsugawa's request to issue a subpoena duces tecum (**SDT**) for Honolulu Police Department (**HPD**) Professional Standards Office (**PSO**) records regarding Sergeant Jared Spiker (**Sgt. Spiker**).  The SDT requested Sgt. Spiker's disciplinary records "related to truthfulness/untruthfulness," among other things.  Sgt. Spiker was the officer who initiated the traffic stop of Tsugawa for "reasonable suspicion" based on Tsugawa allegedly stopping beyond the "stop" line and crossing lane markings, both of which Tsugawa disputed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the contention as follows.

Tsugawa requested an ADLRO hearing after receiving a notice revoking his license for two years following his refusal to submit to breath and blood tests during his OVUII arrest.

---

[1]     The Honorable Thomas A.K. Haia presided.

During the course of the ADLRO hearing, Tsugawa made a November 4, 2022 request (**First Request**) for the ADLRO to issue the SDT for Sgt. Spiker's pertinent records, which ADLRO denied. The First Request requested "Form HPD-384 for [Sgt.] Spiker's 2021 PSO investigation."

In a letter dated December 9, 2022, Tsugawa submitted an "Offer of Proof" that "Form HPD-384 for [Sgt.] Spiker's 2021 PSO investigation" would show that the deputy corporation counsel "misrepresented in his letter to the [Director]" that HPD had made no findings in any investigation against Sgt. Spiker related to his truthfulness or veracity. Attached to the Offer of Proof were "orders of five judges who [had] reviewed the 2021 PSO investigation and determined that its contents [did] sufficiently relate to [Sgt.] Spiker's truthfulness and veracity." Tsugawa's counsel explained that "to the best of [his] knowledge, every judge to review the 2021 PSO investigation ha[d] determined that the materials ... pertain[ed] to Sgt. Spiker's truthfulness and veracity." Counsel asserted "[a]s an offer of proof," that the Form HPD-384 (also known as Personnel Performance Record) "would directly contradict [Sgt.] Spiker's assertions" from the December 8, 2022 ADLRO hearing that "he was cleared, not disciplined, and did nothing wrong."

On January 9, 2023, Tsugawa submitted a second request to the ADLRO for the issuance of an SDT to HPD PSO (**Second Request**) for all records "related to truthfulness/ untruthfulness" of Sgt. Spiker, and specified "Form HPD-384 for [Sgt.] Spiker's 2021 PSO investigation." The Second Request was also denied by ADLRO.

The March 28, 2023 ADLRO Decision sustained the administrative revocation of Tsugawa's license, finding "[Sgt.

3

Spiker]'s version of the events [wa]s more credible than [Tsugawa]'s version" and concluding that Sgt. Spiker "did have reasonable suspicion to stop [Tsugawa]'s vehicle."

Tsugawa's April 26, 2023 "Petition for Judicial Review" of the ADLRO Decision filed pursuant to Hawaii Revised Statutes (**HRS**) § 291E-40[2] argued that:  "[t]he ADLRO abused its discretion by denying [Tsugawa]'s request to issue a subpoena"; "[t]he ADLRO could not make a finding that [Sgt.] Spiker had [r]easonable [s]uspicion to stop [Tsugawa]"; and "[t]he ADLRO improperly determined that [p]robable [c]ause existed to believe [Tsugawa] operated a vehicle under the influence of an intoxicant."

The District Court's September 13, 2023 Decision and Order affirmed the ADLRO Decision, ruling that the denial of the SDT was proper where Sgt. Spiker's credibility became an issue only after there were "inconsistencies" between Sgt. Spiker's and Tsugawa's testimony, as follows:

> **2. The Director Did Not Erroneously Interpret the Law**
>
> . . . .
>
> The issue of [Sgt.] Spiker's veracity for truthfulness arose after [Tsugawa] testified on March 23, 2023, when inconsistencies between [Tsugawa]'s sworn testimony and the sworn statements of [Sgt.] Spiker were brought forth. Up until that time, there was nothing in the record suggesting that [Sgt.] Spiker's sworn statements or testimony were inaccurate or untruthful. Therefore, the Director did not erroneously interpret the law when he twice denied [Tsugawa]'s requests for SDTs, as up to that time nothing in the record existed to question [Sgt.] Spiker's sworn statements or testimony as being untrustworthy and/or untruthful, i.e., relevant.

---

[2]     Under HRS § 291E-40(c) (2020), the "sole issues before the court" on judicial review of an administrative decision are whether the Director: "(1) [e]xceeded constitutional or statutory authority; (2) [e]rroneously interpreted the law; (3) [a]cted in an arbitrary or capricious manner; (4) [c]ommitted an abuse of discretion; or (5) [m]ade a determination that was unsupported by the evidence in the record."

### 3. The Director Did Not Act in an Arbitrary or Capricious Manner

For the reasons outlined in the preceding paragraph 2, the Director did not act in an arbitrary or capricious manner. . . . As has earlier been stated, the issue of inaccurate sworn statements or testimony became apparent only following [Tsugawa]'s testimony on March 23, 2023. Because [Tsugawa] did not request a continuance to request an SDT at that hearing, this court cannot find the Director to have acted arbitrarily or capriciously.

### 4. The Director Did Not Commit an Abuse of Discretion

For the reasons outlined in the preceding paragraphs 2 and 3, the Director did not commit an abuse of discretion.

Tsugawa points out that: "the District Court did not rule that the HPD-384 was not relevant to Sgt. Spiker's credibility, only that Tsugawa could not raise the issue or attack Sgt. Spiker's credibility until other evidence was adduced that contradicted Sgt. Spiker's testimony." Tsugawa argues the District Court erred in concluding that the issue of Sgt. Spiker's veracity "only arose after Tsugawa's testimony disputing Sgt. Spiker's claims" and that "the SDT request was effectively not ripe until Tsugawa testified." Tsugawa contends that "credibility of a witness is always at issue"; he "had a due process right to a fair hearing on his license revocation"; and the ADLRO's "refusal to issue the SDT for Sgt. Spiker's HPD PSO reports was not harmless" because "the [hearings officer] was not able to fairly assess Sgt. Spiker's credibility[,]" and consequently "adopted Sgt. Spiker's version of the events and rejected Tsugawa's version."

The credibility of a witness is "always relevant" and a proper subject of cross-examination. State v. Cordeiro, 99 Hawaiʻi 390, 422, 56 P.3d 692, 724 (2002). In State v. Su, the supreme court found that the district court erred in precluding defense counsel's attempted cross-examination of

5

then-Officer Spiker during an OVUII trial to impeach his credibility by specific instances of conduct probative of his untruthfulness under Hawaiʻi Rules of Evidence (**HRE**) Rule 608(b). 147 Hawaiʻi 272, 284, 465 P.3d 719, 731 (2020). HRE Rule 608(b) allows the credibility of a witness to be attacked by "[s]pecific instances of conduct" that are "probative of untruthfulness[.]" Defense counsel in Su contended that the specific instances of conduct evidencing Officer Spiker's untruthfulness were contained in transcripts from three other proceedings in which Officer Spiker testified for the State. Id. at 274, 465 P.3d at 721. The Su court held that two out of the three prior proceedings[3] were relevant to Officer Spiker's credibility and probative of untruthfulness, and the error denying the cross-examination was not harmless beyond a reasonable doubt because "the outcome of Su's trial hinged upon the credibility of the two HPD witnesses against him." Id. at 285, 465 P.3d at 732 (citation omitted). Accordingly, the Su court vacated Su's OVUII conviction and remanded, explaining that Su was entitled to cross-examine Officer Spiker on the two proceedings, with the extent of such examination subject to HRE Rule 403. Id.

Here, Tsugawa sought to subpoena HPD disciplinary records for Sgt. Spiker related to his truthfulness and veracity. Such records were relevant where Sgt. Spiker was the sole witness relied upon by the ADLRO hearings officer to

---

[3] The "Kuni" ADLRO proceedings transcript reflected Officer Spiker's admission "that he altered [a license revocation] form after having given it to Kuni and before submitting it to ADLRO[,]" and showed that Officer Spiker "submitted a falsely sworn statement to ADLRO." Su, 147 Hawaiʻi at 284, 465 P. 3d at 731. The "Thomas" proceedings involved still photographs of a video recording that appeared to show "Thomas did not have his fists clenched and was not throwing punches[,]" "contrary to Officer Spiker's police report and trial testimony[.]" Id. at 285, 465 P.3d at 732.

establish whether reasonable suspicion existed to stop Tsugawa, and where the hearings officer weighed the credibility of Sgt. Spiker's and Tsugawa's conflicting statements in rendering the ADLRO Decision. See id. at 284-85, 465 P.3d at 731-32; State v. Estrada, 69 Haw. 204, 219, 738 P.2d 812, 823 (1987) (holding that an officer's alleged falsifications on his employment application were relevant to his credibility and should have been admitted pursuant to HRE Rule 608(b)). The District Court erred in upholding the ADLRO Decision and in denying the SDT on grounds that Sgt. Spiker's credibility became relevant only after Tsugawa's testimony contradicted Sgt. Spiker's. The evidence sought by the SDT was relevant, and the District Court erred as a matter of law by conditioning its relevance. See HRE Rule 608(b); Su, 147 Hawaiʻi at 284-85, 465 P.3d at 731-32; Cordeiro, 99 Hawaiʻi at 422, 56 P.3d at 724. The ADLRO's denial of the SDT and the District Court's affirmation of that denial were not harmless, where the ADLRO Decision specifically relied on its assessment of Sgt. Spiker's credibility in determining whether reasonable suspicion existed for Tsugawa's traffic stop. Thus, the District Court was wrong in holding that the ADLRO did not erroneously interpret the law, act in an arbitrary or capricious manner, or commit an abuse of discretion by affirming the ADLRO Decision. See Gray v. Admin. Dir. of the Ct., State of Haw., 84 Hawaiʻi 138, 144, 931 P.2d 580, 586 (1997) (reviewing a secondary appeal by determining whether the District Court was right or wrong in its decision).

For the foregoing reasons, we vacate the September 13, 2023 Decision and Order and the September 15, 2023 Judgment entered by the District Court of the First Circuit, and remand

for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 15, 2025.

On the briefs:

Alen M.K. Kaneshiro,
for Petitioner-Appellant.

Kodai S. Okano,
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge